UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JONATHAN EDWARD WATKINS,

    Petitioner,

vs.

JAMES COX, et al.,

    Respondents.

Case No. 2:12-cv-01856-GMN-NJK

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2244(b)(4). Petitioner will need to show cause why the court should not dismiss this action.

    This is a second or successive petition. On April 9, 2008, this court denied on the merits petitioner's first federal habeas corpus petition, Watkins v. Cox, 2:04-cv-00849-KJD-GWF (Watkins I). Petitioner appealed, and the court of appeals denied a certificate of appealability on June 16, 2009. On March 27, 2012, petitioner applied to the court of appeals for permission to file a second or successive petition, pursuant to 28 U.S.C. § 2244(b)(3). That court granted the application, finding that petitioner had made a prima facie showing that he had satisfied the requirements of 28 U.S.C. § 2244(b)(2).

    Between these two federal actions, petitioner returned to state court. On October 30, 2008, he filed a post-conviction habeas corpus petition in the state district court. That court dismissed the petition on September 13, 2010, because it was untimely pursuant to Nev. Rev. Stat. § 34.726.

Petitioner appealed. Ex. A.[1] On November 18, 2011, the Nevada Supreme Court affirmed. It held that the petition was untimely, successive, and abusive of the writ pursuant to Nev. Rev. Stat. §§ 34.726 and 34.810. Ex. F.

The court first will dismiss ground 3. Petitioner alleges in ground 3 that cause and prejudice exist to excuse a procedural default. This ground is an argument against a potential motion to dismiss, and respondents have not yet appeared, let alone filed a response to the petition. Ground 3 is not a claim that petitioner is in custody in violation of the constitution or laws of the United States, which is a requirement for this court to grant relief. See 28 U.S.C. § 2254(a).

The remaining two counts appear to be untimely. Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v.

---

[1] Exhibits are attached to the petition. Petitioner has not designated an exhibit A as such, but before exhibit B are a group of state-court orders that petitioner has designated as "State Court Written Decisions." The court assumes that petitioner intended to designate those as exhibit A.

1   DiGuglielmo, 544 U.S. 408, 417 (2005).  A prior federal habeas corpus petition does not toll the
2   period of limitation.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).  Section 2244(d) is subject to
3   equitable tolling.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "[A] 'petitioner' is 'entitled to
4   equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that
5   some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 2562
6   (quoting Pace, 544 U.S. at 418).  The petitioner effectively files a federal petition when he mails it
7   to the court.  Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The court can raise the
8   issue of timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v.
9   Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

10          Ground 1 is a claim that the prosecution did not disclose material exculpatory or
11  impeachment evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United
12  States, 405 U.S. 150 (1972).  Petitioner was convicted of first-degree murder of Jay Bowen, by
13  beating Bowen to death, and of robbing Bowen.  In Watkins I, the court allowed petitioner to
14  conduct discovery.  Petitioner found a certificate from the Washoe County District Attorney, stating
15  that an inquest into Bowen's death need not be held because Bowen died from injuries "sustained as
16  a result of blunt force automobile trauma."  Ex. B.  Petitioner does not allege when this certificate
17  was disclosed to him, but in Watkins I the court directed that petitioner complete discovery by
18  November 13, 2007.  Petitioner could not have learned about the certificate any later than that date.

19          Ground 1 appears to be untimely.  The court will assume that § 2244(d)(1)(D) controls the
20  start of the one-year federal period of limitation, and that petitioner learned or could have learned
21  about the certificate no later than November 13, 2007.  Petitioner then had one year either to move
22  for leave to amend the petition in Watkins I, which was open until April 9, 2008, or to apply for
23  permission to file a second or successive petition.  Petitioner's second state habeas corpus petition
24  filed on October 30, 2008, did not toll the period of limitation pursuant to § 2244(d)(2) because it
25  was untimely.  Pace, 544 U.S. at 417.  Petitioner did not apply for permission to file a second or
26  successive petition until March 27, 2012, three and a half years after the period of limitation had
27  expired.  Petitioner will need to show cause why the court should not dismiss ground 1 as untimely.
28

1      Ground 2 is a claim that the jury instruction on willfulness, deliberation, and premeditation,
2  which are elements of first-degree murder, violated the Due Process Clause of the Fourteenth
3  Amendment. The trial court gave the instruction approved by Kazalyn v. State, 825 P.2d 878 (Nev.
4  1992). Ex. C. Then, in Byford v. State, 994 P.2d 700 (Nev. 2000), the Nevada Supreme Court
5  determined that the Kazalyn instruction blurred the distinctions among the three elements, and the
6  Nevada Supreme Court outlined a new instruction to give to the jury. In a subsequent case, the
7  Nevada Supreme Court held that when a district court prior to Byford gave the Kazalyn instruction,
8  it was not error and did not violate federal constitutional rights. Garner v. State, 6 P.3d 1013, 1024-
9  25 (Nev. 2000). The Nevada Supreme Court also held that Byford had no retroactive effect upon
10 convictions entered before the Byford decision, regardless of whether the convictions had become
11 final, because Byford was not a case of constitutional law. Id. at 1025 (quoting Griffith v.
12 Kentucky, 479 U.S. 314, 322 (1987)). The Nevada Supreme Court also stated that Byford was a
13 clarification of existing law. Garner, 6 P.3d at 1025 n.9. In Polk v. Sandoval, 503 F.3d 903 (9th
14 Cir. 2007), the court of appeals held that the Kazalyn instruction was unconstitutional because it
15 allowed a jury to find a person guilty of first-degree murder without finding all the elements. In
16 Nika v. State, 198 P.3d 839 (Nev. 2008), the Nevada Supreme Court disapproved of its earlier
17 statement in Garner, determined that Byford was a change in the law regarding the elements of first-
18 degree murder, and held the change applies only to convictions which were not yet final at the time
19 of the Byford decision. In Babb v. Lozowsky, 704 F.3d 1246, 1255-56 (9th Cir. 2013), the court of
20 appeals held, among other matters, that Nika effectively overruled Polk. Petitions for rehearing in
21 Babb are pending.
22      Ground 2 appears to be untimely. The question is when the period of limitation began to
23 run. None of the cases cited above are decisions of the Supreme Court of the United States, and
24 thus 28 U.S.C. § 2244(d)(1)(C) is inapplicable. The court does not see any impediments to
25 petitioner filing a federal habeas corpus petition, and § 2244(d)(1)(B) is inapplicable. It is true that
26 Byford and Garner, read together, held that petitioner could not gain relief because the Kazalyn
27 instruction was given in his trial, and it is true that Polk held that those holdings in Byford and
28 Garner were unreasonable applications of federal law. However, petitioner was not actually

impeded from filing a petition raising the issue of the Kazalyn instruction. He was free to file a petition at any time, but he might not have obtained any relief.[2] Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005). The court also does not find that Polk is the factual predicate of petitioner's claim in ground 2, and § 2244(d)(1)(D) is inapplicable. "[A] state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim." Shannon, 410 F.3d at 1089. Polk is a federal-court decision, but this court sees no difference between it and a state-court decision in determining that it is not a 'factual predicate' for the purposes of § 2244(d)(1)(D). The factual predicate of ground 2 is the Kazalyn instruction itself.[3] The trial court gave that instruction before petitioner's judgment of conviction became final. Consequently, the finality of the judgment of conviction is the triggering date for the one-year period of limitation as applied to ground 2. See 28 U.S.C. § 2244(d)(1)(A).

The Nevada Supreme Court decided petitioner's direct appeal on September 1, 1999.[4] Ex. A. The judgment of conviction became final on November 30, 1999, when the time to file a petition for a writ of certiorari expired. Petitioner filed his first post-conviction habeas corpus petition in state court on August 31, 2000. That filing tolled the one-year period pursuant to § 2244(d)(2), after two hundred seventy-five days had passed. The Nevada Supreme Court affirmed the denial of that petition on May 5, 2004. The remittitur issued on June 2, 2004, and ninety days remained in the one-year period. Watkins I did not toll the period of limitation because § 2244(d)(2) does not apply to federal petitions. Walker, 533 U.S. at 181-82. Consequently, the one-year period for ground 2 expired on August 31, 2004. Petitioner's second state habeas corpus petition did not toll the one-

---

[2] Indeed, at the moment petitioner could not gain any relief on this ground. Petitioner's judgment of conviction became final on November 30, 1999, explained below, before the Nevada Supreme Court decided Byford. If the above-cited holding of Babb remains in effect, then Polk is effectively overruled, Nika is the controlling state law, and Byford applies only to convictions that were not final at the time of the Byford decision or entered after the Byford decision. Consequently, the Kazalyn instruction would have been the correct instruction at the time of petitioner's trial.

[3] Nothing stopped petitioner from challenging the validity of the Kazalyn instruction on direct appeal. Robert Byford, the appellant in Byford v. State, obviously did not have the benefit of his own direct-appeal decision when he challenged the validity of the Kazalyn instruction, and he raised the issue around the same time that petitioner's direct appeal was pending.

[4] The court draws some of the procedural history from exhibits (#24) filed in Watkins I.

-5-

year period for two reasons.  First, it was untimely.  Pace, 544 U.S. at 417.  Second, the one-year period had expired by the time he filed the second state petition, and there was nothing left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Petitioner applied to file a second or successive petition on March 27, 2012, seven and a half years after the one-year period had expired.  Petitioner will need to show cause why the court should not dismiss ground 2 as untimely.

In addition to the untimeliness, ground 2 does not appear to meet the requirements of 28 U.S.C. § 2244(b)(2).  That provision states:

> (2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

This court must dismiss claims in a second or successive petition unless petitioner can show that he meets those requirements.  28 U.S.C. § 2244(b)(4).  Section 2244(b)(2)(A) is inapplicable, because the Supreme Court of the United States has not made any new, retroactive rule of constitutional law that is relevant to ground 2.

It appears that petitioner cannot satisfy the requirement of § 2244(b)(2)(B)(i) for ground 2.  The court noted above that the factual predicate for the claim in ground 2 was the Kazalyn instruction.  Petitioner learned about that instruction when it was given at trial.  Petitioner could have challenged the Kazalyn instruction on direct appeal, in his first state habeas corpus petition, or in Watkins I, but he did not.  Consequently, petitioner will need to show cause why the court should not dismiss ground 2 as a second or successive claim.

///

///

///

1   IT IS THEREFORE ORDERED that ground 3 is **DISMISSED**.

2   IT IS FURTHER ORDERED that petitioner shall have thirty days from the date of entry of
3   this order to show cause why: (1) the court should not dismiss this action as untimely, and (2) the
4   court should not dismiss ground 2 as a second or successive claim. Failure to comply with the order
5   will result in the dismissal of this action.

6   DATED this 16th day of May, 2013.

_____
GLORIA M. NAVARRO
United States District Judge