# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN EDWARD WATKINS,

    Petitioner,

vs.

JAMES COX, et al.,

    Respondents.

Case No. 2:12-cv-01856-GMN-NJK

**ORDER**

The court directed petitioner to show cause why this action should not be dismissed either because it is a second or successive petition for a writ of habeas corpus or because it is untimely. Order (#5).[1] Petitioner has submitted a response (#6) and an application for order to incorporate state court order by supplement (#7). The court concludes that this action is not a second or successive petition. The court also concludes that the action is untimely and that petitioner has not shown that equitable tolling is warranted.

When petitioner commenced this action, the operative judgment of conviction in state court was the same judgment that was in effect at the time of his first federal habeas corpus petition, Watkins v. Cox, Case No. 2:04-cv-00849-KJD-GWF ("Watkins I"). Petitioner needed, and obtained, permission from the court of appeals to file this action. See 28 U.S.C. § 2244(b)(3). Petitioner still needed to demonstrate to this court that he satisfied the requirements for pursuing a second or successive petition. See 28 U.S.C. § 2244(b)(4). However, petitioner's application (#7) indicates that the state district court has entered an amended judgment of conviction. The court takes judicial notice of the docket of the Second Judicial District Court of the State of Nevada in State v. Watkins, Case No. CR96-0351.[2] The state court docket shows that an amended judgment of

---

[1] The court also dismissed ground 3 of the petition. It was not addressable in federal habeas corpus because it was merely an argument to excuse procedural default of other grounds.

[2] http://www.washoecourts.com/index.cfm?page=casedesc&case_id=cr96-0351 (report generated June 11, 2014).

conviction was entered on December 12, 2013. "[T]he latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012) (quoting Magwood v. Patterson, 130 S. Ct. 2788, 2802 (2010)). Consequently, this action is not a second or successive petition.[3]

The amended judgment of conviction does not affect the court's determination that this action is untimely. The original judgment of conviction stated, in relevant part, that petitioner was guilty of murder and sentenced to life imprisonment with the possibility of parole. The original judgment of conviction did not state the minimum amount of time that petitioner would need to serve before becoming eligible for parole. The order attached to petitioner's application (#7) indicates that the amended judgment of conviction corrected that clerical error and stated that petitioner would need to serve a minimum of twenty years in prison before becoming eligible for parole. The correction in the amended judgment was not an issue that petitioner could have appealed. Cf. United States v. Colvin, 204 F.3d 1221, 1225 (9th Cir. 2000). Consequently, the amended judgment has no effect upon the court's calculations of timeliness.

Petitioner argues that the untimeliness of the petition was not his fault. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

---

[3] Technically, the court could dismiss the action as a second or successive petition because the petition is challenging the now superseded judgment. However, petitioner then could re-file the petition in a new action, which would not be a second or successive petition because it would be challenging the amended judgment. Then the court would find itself in the same position it is now, with an untimely petition.

1    Ground 1 of the petition is a claim that the prosecution withheld potentially exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).  Petitioner was convicted of first-degree murder of Jay Bowen, by beating Bowen to death, and of robbing Bowen.  In Watkins I, the court allowed petitioner to conduct discovery.  Petitioner found a certificate from the Washoe County District Attorney, stating that an inquest into Bowen's death need not be held because Bowen died from injuries "sustained as a result of blunt force automobile trauma."  Petition, Ex. B (emphasis added).  Petitioner states that he received this document in October 2007.  Response, at 4 (#6).  As the court noted in its earlier order, it will assume that 28 U.S.C. § 2244(d)(1)(D) governs the start of the one-year period of limitation for this ground.  Therefore, the period would have started when petitioner learned about the certificate.  Petitioner did not apply for permission to file a second or successive petition until March 27, 2012, around three and a half years after the period of limitation had expired.  Petitioner does not explain in his response (#6) why he was unable to file a federal habeas corpus petition, or seek authorization to file a second or successive petition, before that time.

The court also is not persuaded that the certificate satisfies the standards for actual innocence.  The court draws on the order denying the petition in Watkins I and the exhibits in that action.  The body of Jay Bowen was found in on the third floor of a motel.  Two eyewitnesses testified that petitioner beat Bowen in a nearby room on that floor.  The medical examiner testified that Bowen had multiple injuries all over his body that could not have been caused by one blow.  If the certificate had been admitted into evidence along with all the other evidence admitted at trial, petitioner at best would have proven that the district attorney was sloppy in re-using text from an old document without proofreading.  In light of all the other evidence presented at trial, that certificate does not persuade the court that no reasonable juror would have voted to find petitioner guilty beyond a reasonable doubt.

Ground 2 of the petition is a claim that the district court gave an incorrect instruction that the jury instruction on willfulness, deliberation, and premeditation, which are elements of first-degree murder, violated the Due Process Clause of the Fourteenth Amendment.  Petitioner argues that he could not have raised this claim until the court of appeals decided Polk v. Sandoval, 503 F.3d 903

(9th Cir. 2007), which held that the instruction at issue was unconstitutional. The court already has rejected this argument in its earlier order (#5). To summarize, the factual predicate of petitioner's claim is the jury instruction itself, not the decision of the court of appeals that ruled that the instruction was unconstitutional. Because the jury instruction occurred before entry of the judgment of conviction, the starting date of the one-year period of limitation for ground 2 is the finality of the judgment of conviction. See 28 U.S.C. § 2244(d)(1)(A). The Nevada Supreme Court decided petitioner's direct appeal on September 1, 1999.[4] Ex. A. The judgment of conviction became final on November 30, 1999, when the time to file a petition for a writ of certiorari expired. In his response (#6), petitioner has not explained why he was unable to raise this ground earlier than March 27, 2012, long after the one-year period expired. Indeed, even if the date of the decision in Polk was the starting date for the one-year period, the period had expired long before petitioner sought leave to file a second or successive petition.

In the alternative, ground 2 is without merit on its face. In Kazalyn v. State, 825 P.2d 878 (Nev. 1992), the Nevada Supreme Court approved the instruction that was given in petitioner's case. In Byford v. State, 994 P.2d 700 (Nev. 2000), the Nevada Supreme Court determined that the Kazalyn instruction blurred the distinctions among the three elements of willfulness, deliberation, and premeditation. The Nevada Supreme Court outlined a new instruction to give to the jury. In Nika v. State, 198 P.3d 839 (Nev. 2008), the Nevada Supreme Court determined that Byford was a change in the law regarding the elements of first-degree murder, and the court held that the change applies only to convictions which were not yet final at the time of the Byford decision. In Babb v. Lozowsky, 704 F.3d 1246, 1255-56 (9th Cir. 2013), the court of appeals held, among other matters, that Nika effectively overruled Polk, because the Kazalyn instruction was the correct instruction to give in cases with judgments that were final before the Byford decision. Petitioner's judgment became final on November 30, 1999, before the Byford decision was issued. The use of the Kazalyn instruction in his case was proper. Ground 2 relies upon overruled authority, and it is without merit.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

---

[4] The court draws some of the procedural history from exhibits (#24) filed in Watkins I.

-5-

1  **IT IS THEREFORE ORDERED** that petitioner's application for order to incorporate state
2  court order by supplement (#7) is **GRANTED**.
3  **IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice because it is
4  untimely. The clerk of the court shall enter judgment accordingly.
5  **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.
6  **DATED** this 19th day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court